# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF CUMBERLAND,

## ARGUED AT APRIL TERM, 1846.

THE INHABITANTS OF NEW GLOUCESTER *versus* THE
INHABITANTS OF DANVILLE.

Where an action by one town against another is commenced originally before
a justice of the peace, and is carried by appeal to the District Court, and
a verdict is given, and a judgment rendered thereon in that court, *no ap-
peal* lies therefrom to the Supreme Judicial Court.

THIS was an action of assumpsit for the support of a pauper,
originally commenced by the inhabitants of New Gloucester
against the inhabitants of Danville, before a justice of the peace,
and carried by appeal to the District Court. There was a trial
of the action in that Court, and judgment was rendered there,
on the verdict for the defendants. From this judgment the
plaintiffs claimed an appeal, and entered into recognizance, &c.
The plaintiffs entered their action in the Supreme Judicial
Court, and the defendants moved to dismiss the action because
there was by law no right of appeal from the judgment of the
District Court, in such case.

*O'Donnel,* for the plaintiffs.

*Fessenden, Deblois & Fessenden,* for the defendants.

*Per curiam.* — The case of *Seiders* v. *Creamer,* 22 Maine
R. 558, is in point to show, that no appeal lies in the case at

bar to this Court. We are not aware of any good reason why towns, commencing actions before a justice of the peace, should be in any other predicament than would fall to the lot of other suitors in such tribunals. The statute law has made no distinction between them. It cannot be deemed politic or profitable, or be believed to have been in the contemplation of the legislature, that three trials should be had in actions involving the determination of matters of no greater importance, than such as are within the jurisdiction of a justice of the peace to be tried and decided. Chap. 97, § 13, of the Rev. Stat. has reference merely to actions originated in the District Court. This is evident from the section immediately preceding, and from § 7 of the same statute. That statute was enacted purposely to define the jurisdiction of the District Court, and to regulate proceedings to be had in it, and has no reference to appeals from other tribunals.

*Appeal dismissed.*